TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX, ss
[seal]

No. 04-3361-LS

Dana Nichols, Plaintiff(s)

v.

Genesis Eldercare Management Services, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Renee C. Asta, Esq. Law Office of Robert J. Connell, plaintiff's attorney, whose address is 700 Chelmsford St. Lowell MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ........................................................................

the ........................................ day of ........................................

........................................, in the year of our Lord ........................................

9/3/04

_Edward J. Sullivan_
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

Middlesex s.s.                                              Superior Court
                                                            Lowell Division

|  |  |
|---|---|
| Dana Nichols,<br>    Plaintiff<br><br>Vs.<br><br>Genesis Eldercare<br>Management Services, Inc<br>    Defendant | COMPLAINT |

## PARTIES

1. Plaintiff, Dana Nichols is an individual with a residential address of 7 Briarcliff Drive Nashua, New Hampshire 03062.

2. Defendant, Genesis Eldercare is a foreign corporation organized under the laws of the state of Delaware, with a principal location of 101 E. State Street Kennett Square, PA 19348, with a resident agent of CT Corporation System, 101 Federal Street, Boston MA, 02110 and provides the management for the Palm Manor Nursing Home, located at 40 Parkhurst Street, Chelmsford, Middlesex County, Massachusetts 01824.

## FACTS

3. The Plaintiff, Dana Nichols was hired by Genesis Eldercare on September 24, 2002 as the Director of Nursing at the Palm Manor Nursing Home located at 40 Parkhurst Street, Chelmsford, Middlesex County, Massachusetts.

4. In September of 2003, staff members were told to make knowingly false statements by various shift supervisors other employees to other employees and management concerning Dana Nichols.

5. Staff members were told that Dana Nichols falsified records to gain a perfect survey by the Commonwealth by other employees.

6. The human resources department had open meetings with staff members and reiterated false statements regarding Dana Nichols.

7. Staff members were informed by their direct superiors to go to The Defendant, though Director of Operations, Craig Rowley at a specific time and date provided by their direct supervisors and told to make false allegations to get The Plaintiff fired.

8. On October 8, 2003 The Plaintiff, Dana Nichols was suspended because unnamed employees allegedly made complaints against her. She was never informed what the complaints were, not was she informed who made them.

9. On October 13, 2003 Craig Rowley, Director of Operations for the defendant, Genesis Elder Care called the Plaintiff, Dana Nichols and stated she was terminated for management style. He refused to tell the Plaintiff, Dana Nichols about any of the allegations made against her. Dana Nichols asked to come in and speak about the allegations, and the Defendant, Genesis Elder Care refused.

10. On October 13, 2003 the Plaintiff, Dana Nichols requested her entire personnel file and nothing was in it concerning any investigation or complaints.

11. On October 29, 2003 a second request was made by Dana Nichols attorney for her personnel file, and was corrected with a signed release on November 10, 2003, with an understanding after being told be the Vice President of Human Resources that there was no documentation in relation to any investigation.

12. On November 13, 2003 the Defendant, Genesis Eldercare stated at the Department of Employment and Training at an initial telephone

interview, Genesis took the position that it was allegations made by Dana Nichols to employees, the her staff was *"stupid, retarded, and off the boat."*

13. On November 22, 2003 after a second request for her personnel file was made, the records were hand delivered to the Plaintiff's attorney. There is no mention in the Plaintiff's Dana Nichols personnel file of any investigation about the statement allegedly made in paragraph 12. Nor were there any statements contained in her file relating to the allegations made by the Defendant in the November 13, 2003 statement made by the employer to the Department of Employment and Training.

## DEFAMATION

14. The Defendant had a duty to refrain from making such statements recklessly without an effort to verify the truth of the charge.
15. Genesis Eldercare as an employer breached its duty to the plaintiff by failing to refrain from making reckless allegations about the Plaintiff.
16. Genesis Eldercare and its supervisors and employees as agents knowingly and recklessly encouraged employees to lie about Dana Nichols to other employees and Human Resources to ruin her reputation as the Director of Nursing.
17. No safeguards were made for a matter sufficiently weighty to call for safeguards for error.
18. Management and employees within Palm Manor have disseminated this information within Palm Manor and Genesis Eldercare, Inc.,
19. Genesis Eldercare is the largest company on the east coast with either ownership or management in elderly and rehabilitation care
20. This precludes Dana Nichols from thousands of positions specifically from at 18 nursing homes that Genesis Eldercare manages within her living area preventing her from employment

21. Genesis Eldercare Management Services Inc, also manages numerous other corporations relating to health care services that are registered with the Commonwealth and along the east coast.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff pray that judgment be entered against Defendant in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendant.

Respectfully Submitted
Dana Nichols,
By Her Attorney

_____
Renee C. Aste, Esq. BBO 656844
Law Offices of Robert J. Carnvale, P.C.
700 Chelmsford Street
Lowell MA 01851
August 23, 2004

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # MICV2004-03361-L2

RE: Nichols v Genesis Eldercare Management Services, Inc.

TO: Renee C Aste, Esquire
Carnevale Law Offices (Robert J)
700 Chelmsford Street
Lowell, MA 01851



### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/24/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/23/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/23/2005 |
| All motions under MRCP 15 filed | 11/19/2005 |
| All discovery requests and depositions completed | 10/15/2006 |
| All motions under MRCP 56 served and heard | 12/14/2006 |
| Final pre-trial conference held and/or firm trial date set | 04/13/2007 |
| Case disposed | 08/26/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "L2" sitting in Cv CrtRm 2 (Lowell) Middlesex Superior Court.

Dated: 08/26/2004

Edward J. Sullivan
Clerk of the Court

BY: Martha Fulham
Assistant Clerk

Location: Cv CrtRm 2 (Lowell)
Telephone: 978-453-0201 EXT 231

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic