# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET#: **MICV2004-03361-L2**

RE:  Nichols v Genesis Eldercare Management Services, Inc.

TO:  Scott A Roberts, Esquire
Sullivan Weinstein & McQuay
2 Park Plaza
Suite 610
Boston, MA 02116

## CLERK'S NOTICE

## SEE ATTACHED COPIES.

Dated at Lowell, Massachusetts this 27th day of September, 2004.

Edward J. Sullivan,
Clerk of the Courts

BY: Martha Fulham
Assistant Clerk

Telephone: 978-453-0201 EXT 231

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

I, **Michael M. Brennan, Assistant Clerk** of the Superior Court of the Commonwealth of Massachusetts within and for said County of Middlesex, do certify that the papers hereto annexed are true pleadings in case No. **MICV2004-03361** entered in the Superior Court on **08/26/2004.**

**IN TESTIMONY WHEREOF,** I hereunto set my hand and affix the seal of said Superior Court, at said Lowell this 27th day of September, in the year of our Lord 2004



Assistant Clerk of the Courts

cvdremlett.wpd 2620540 removus houle

04-3361

3

COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| DANA NICHOLS,<br>            Plaintiff,<br><br>vs.<br><br>GENESIS ELDERCARE<br>MANAGEMENT SERVICES, INC.,<br>            Defendant |  Civil Action No. 04-12015-PBS |
|---|---|

**NOTICE OF REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Genesis Eldercare Management Services, Inc. ("Genesis") hereby gives notice of the removal to this Court of the above-captioned civil action, commenced by plaintiff Dana Nichols in the Commonwealth of Massachusetts Superior Court, Middlesex County, Civil Action No. 04-3361-L2. As grounds for the removal, Genesis respectfully states:

1. The Complaint was served on Genesis on or about September 8, 2004.

2. Genesis is a Delaware corporation with its principal place of business in Kennett Square, Pennsylvania.

3. Plaintiff Dana Nichols is an individual who resides at 7 Briarcliff Drive, Nashua, New Hampshire.

4. This Court has original diversity jurisdiction over this matter under the provisions of 28 U.S.C. §1332(a) because defendant Genesis is a Delaware corporation with its principal place of business in Pennsylvania, plaintiff is a citizen of New

1

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
SEP 20 2004
CLERK

Hampshire, and, based upon demands received from plaintiff's counsel, the amount in controversy exceeds $75,000.

5. Pursuant to 28 U.S.C. §§ 1441 and 1446, Genesis is entitled to remove the plaintiff's action to this Court because this Court has original jurisdiction over this matter under the provisions of 28 U.S.C. §1332, this Court embraces the place where the action is pending, and defendant Genesis is not a citizen of Massachusetts.

6. Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings served on defendant in this action – a summons, complaint, and tracking order – are attached hereto as Exhibit A.

GENESIS ELDERCARE MANAGEMENT
SERVICES, INC.
By its attorney,

Scott A. Roberts, BBO #550732
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA 02116-3902
617-348-4300

Dated: September 17, 2004

## CERTIFICATE OF SERVICE

I, Scott A. Roberts, hereby certify that a copy of the foregoing document was served by mailing same, postage prepaid, first class mail to Renee C. Aste, Esq., Law Offices of Robert J. Carnvale, PC, 700 Chelmsford Street, Lowell, MA 10851 on September 17, 2004.

Scott A. Roberts

2

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-3361-26

MIDDLESEX, ss
[seal]

Dana Nichols, Plaintiff(s)

v.

Genesis Eldercare Management Services, Defendant(s)

[FILED SEP 08 2004 IN THE OFFICE OF THE CLERK FOR THE]

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Renee C. Aste Esq. Law Office of Robert J. Carnevale, plaintiff's attorney, whose address is 700 Chelmsford St. Lowell, MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ................................................................

the ........................................................ day of ........................................................

........................, in the year of our Lord ........................................................ .

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

**COMMONWEALTH OF MASSACHUSETTS**

Middlesex s.s.                                         Superior Court
                                                       Lowell Division

|  |  |  |
|---|---|---|
| Dana Nichols,<br>    Plaintiff | ) )<br>)<br>) | 04-3361 |
| Vs. | ) )<br>) | COMPLAINT |
| Genesis Eldercare<br>Management Services, Inc<br>    Defendant | ) )<br>)<br>)<br>) |  |



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
AUG 26 2004

9750E000008/26/04CIVIL         240.00
9750E000008/26/04SUR CHARGE     15.00
9750E000008/26/04SUMMONS         5.00
9750E000008/26/04SECC           20.00

## PARTIES

1. Plaintiff, Dana Nichols is an individual with a residential address of 7 Briarcliff Drive Nashua, New Hampshire 03062.

2. Defendant, Genesis Eldercare is a foreign corporation organized under the laws of the state of Delaware, with a principal location of 101 E. State Street Kennett Square, PA 19348, with a resident agent of CT Corporation System, 101 Federal Street, Boston MA, 02110 and provides the management for the Palm Manor Nursing Home, located at 40 Parkhurst Street, Chelmsford, Middlesex County, Massachusetts 01824.

## FACTS

3. The Plaintiff, Dana Nichols was hired by Genesis Eldercare on September 24, 2002 as the Director of Nursing at the Palm Manor Nursing Home located at 40 Parkhurst Street, Chelmsford, Middlesex County, Massachusetts.

4. In September of 2003, staff members were told to make knowingly false statements by various shift supervisors other employees to other employees and management concerning Dana Nichols.
5. Staff members were told that Dana Nichols falsified records to gain a perfect survey by the Commonwealth by other employees.
6. The human resources department had open meetings with staff members and reiterated false statements regarding Dana Nichols.
7. Staff members were informed by their direct superiors to go to The Defendant, though Director of Operations, Craig Rowley at a specific time and date provided by their direct supervisors and told to make false allegations to get The Plaintiff fired.
8. On October 8, 2003 The Plaintiff, Dana Nichols was suspended because unnamed employees allegedly made complaints against her. She was never informed what the complaints were, not was she informed who made them.
9. On October 13, 2003 Craig Rowley, Director of Operations for the defendant, Genesis Elder Care called the Plaintiff, Dana Nichols and stated she was terminated for management style. He refused to tell the Plaintiff, Dana Nichols about any of the allegations made against her. Dana Nichols asked to come in and speak about the allegations, and the Defendant, Genesis Elder Care refused.
10. On October 13, 2003 the Plaintiff, Dana Nichols requested her entire personnel file and nothing was in it concerning any investigation or complaints.
11. On October 29, 2003 a second request was made by Dana Nichols attorney for her personnel file, and was corrected with a signed release on November 10, 2003, with an understanding after being told be the Vice President of Human Resources that there was no documentation in relation to any investigation.
12. On November 13, 2003 the Defendant, Genesis Eldercare stated at the Department of Employment and Training at an initial telephone

interview, Genesis took the position that it was allegations made by Dana Nichols to employees, the her staff was *"stupid, retarded, and off the boat."*

13. On November 22, 2003 after a second request for her personnel file was made, the records were hand delivered to the Plaintiff's attorney. There is no mention in the Plaintiff's Dana Nichols personnel file of any investigation about the statement allegedly made in paragraph 12. Nor were there any statements contained in her file relating to the allegations made by the Defendant in the November 13, 2003 statement made by the employer to the Department of Employment and Training.

## DEFAMATION

14. The Defendant had a duty to refrain from making such statements recklessly without an effort to verify the truth of the charge.
15. Genesis Eldercare as an employer breached its duty to the plaintiff by failing to refrain from making reckless allegations about the Plaintiff.
16. Genesis Eldercare and its supervisors and employees as agents knowingly and recklessly encouraged employees to lie about Dana Nichols to other employees and Human Resources to ruin her reputation as the Director of Nursing.
17. No safeguards were made for a matter sufficiently weighty to call for safeguards for error.
18. Management and employees within Palm Manor have disseminated this information within Palm Manor and Genesis Eldercare, Inc.,
19. Genesis Eldercare is the largest company on the east coast with either ownership or management in elderly and rehabilitation care
20. This precludes Dana Nichols from thousands of positions specifically from at 18 nursing homes that Genesis Eldercare manages within her living area preventing her from employment

21. Genesis Eldercare Management Services Inc, also manages numerous other corporations relating to health care services that are registered with the Commonwealth and along the east coast.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff pray that judgment be entered against Defendant in an amount that will fairly and adequately compensate for Plaintiff's conscious pain and suffering and all other damages recoverable together with interest, costs, and such other relief as this Honorable Court may deem appropriate.

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendant.

Respectfully Submitted
Dana Nichols,
By Her Attorney

_____
Renee C. Aste, Esq. BBO 656844
Law Offices of Robert J. Carnvale, P.C.
700 Chelmsford Street
Lowell MA 01851
August 23, 2004

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2004-03361
### Nichols v Genesis Eldercare Management Services, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 08/26/2004 | Status | Disposed: transferred to other court (dtrans) | | | |
| Status Date | 09/27/2004 | Session | L2 - Cv time-stan 2 (Lowell) | | | |
| Origin | 1 | Case Type | B15 - Defamation/libel/slander | | | |
| Lead Case | | Track | A | | | |
| Service | 11/24/2004 | Answer | 01/23/2005 | | Rule12/19/20 | 01/23/2005 |
| Rule 15 | 11/19/2005 | Discovery | 10/15/2006 | | Rule 56 | 12/14/2006 |
| Final PTC | 04/13/2007 | Disposition | 08/26/2007 | | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Dana Nichols
7 Briarcliff Drive
Nashua, NH 03062
Active 08/26/2004

**Private Counsel 656844**
Renee C Aste
Carnevale Law Offices (Robert J)
700 Chelmsford Street
Lowell, MA 01851
Phone: 978-458-4831
Fax: 978-458-7934
Active 08/26/2004 Notify

**Defendant**
Genesis Eldercare Management Services, Inc.
101 E. State Street
Kennett Square, PA 19348
Served: 09/13/2004
Served (answr pending) 09/08/2004

**Private Counsel 550732**
Scott A Roberts
Sullivan Weinstein & McQuay
2 Park Plaza
Suite 610
Boston, MA 02116
Phone: 617-348-4300
Fax: 617-348-4343
Active 09/20/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/26/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/26/2004 | | Origin 1, Type B15, Track A. |
| 09/08/2004 | 2.0 | SERVICE RETURNED: Genesis Eldercare Management Services, Inc.(Defendant) 9/3/04 In hand to Agent |
| 09/27/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS



MIDDLESEX, ss.    Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

I hereby certify that the foregoing is a true copy on file...