UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANA NICHOLS,
               Plaintiff,

vs.

GENESIS ELDERCARE
MANAGEMENT SERVICES, INC.,
               Defendant

Civil Action No. 04-12015-PBS

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendant Genesis Eldercare Management Services, Inc. ("Genesis") answers the Complaint of plaintiff Dana Nichols ("Nichols") as follows:

1. Genesis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Genesis admits that, prior to December 2003, Genesis Eldercare Management Services, Inc. was a Delaware corporation with a principal location at 101 E. State Street, Kennett Square, PA 19348. Genesis denies that Genesis Eldercare Management Services, Inc. provided management for the Palm Manor Nursing Home, and denies the remaining allegations in this paragraph.

3. Genesis admits that, effective September 30, 2002, Nichols was hired as the Director of Nursing for the Palm Manor Nursing Home located at 40 Parkhurst Street, Chelmsford, Middlesex County, Massachusetts. Genesis denies the remaining allegations in this paragraph, and further answering states that Nichols was employed by ElderCare Resources Corp.

4. Genesis states that the allegations in this paragraph are vague and unintelligible and do not permit a response. To the extent a response is deemed necessary, Genesis denies the allegations in paragraph 4.

5. Genesis states that the allegations in this paragraph are vague and unintelligible and do not permit a response. To the extent a response is deemed necessary, Genesis denies the allegation in paragraph 5.

6. Genesis denies the allegation in paragraph 6.

7. Genesis denies the allegations in paragraph 7.

8. Genesis admits that employees had complained about Nichols and that, as a result, Nichols was suspended in or around early October 2003. Genesis denies Nichols' assertion that she was "never informed what the complaints were." Genesis admits that the names of complaining employees were not provided to Nichols and, further answering, states that Nichols did not request them.

9. Genesis admits that, on or about October 10, 2003, Craig Rowley, the Director of Operations for Genesis Eldercare, contacted Nichols, advised her that employees had complained about what he called her "management style," and that, as a result, her employment was terminated. Genesis denies the remaining allegations in this paragraph.

10. Genesis admits that Nichols requested her personnel record. Genesis denies any suggestion that Nichols' former employer does not possess documentation concerning complaints about Nichols or its investigation of those complaints. Genesis is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

11. Genesis admits that, by letter dated October 29, 2003, Attorney Renee C. Astee requested personnel records concerning Nichols; that the October 29, 2003 letter did not include an authorization from Nichols to release her records; that, by letter dated November 10, 2003, Ms. Astee provided "Genesis Eldercare" a November 7, 2003 letter from Nichols in which she requested the release of the contents of her personnel and medical file to her attorneys. Genesis states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported "understanding" of Nichols' attorney. Genesis denies any remaining allegations in this paragraph.

12. Genesis states that the allegations in this paragraph are disjointed and vague and do no permit a response. To the extent that a response is deemed necessary, Genesis denies that it had any direct communications with the Department of Employment and Training ("DET") concerning Nichols, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the DET was told regarding Nichols.

13. Genesis admits that Nichols' attorney sent "Genesis Eldercare" a letter on or about November 22, 2003 in which she stated that she had not yet received Nichols' personnel records, and that personnel records concerning Nichols were sent by hand-delivery to her attorney on November 24, 2003. Genesis denies that it had any direct communications with the DET concerning Nichols. Genesis denies any suggestion that Nichols' former employer does not possess documentation concerning its investigation into allegations regarding inappropriate conduct by Nichols, including allegations that she referred to her staff, among other things, as "stupid," "retarded," and "off-the-boat."

Genesis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## **DEFAMATION**

14. The allegations in this paragraph state legal conclusions to which no response is required. If a response is deemed necessary, Genesis denies the allegations in this paragraph.

15. The allegations in this paragraph state legal conclusions to which no response is required. If a response is deemed necessary, Genesis denies the allegations in this paragraph.

16. Genesis denies the allegations in paragraph 16.

17. Genesis states that the allegations in this paragraph are vague and unintelligible and do no permit a response. In particular, Genesis has no idea what is meant by a "matter sufficiently weighty to call for safeguards for error." If a response is deemed necessary, Genesis denies the allegations in this paragraph.

18. Genesis states that the allegations in this paragraph are vague and unintelligible and do no permit a response. In particular, Genesis has no idea what "information" Nichols contends was purportedly "disseminated" within Palm Manor and Genesis. If a response is deemed necessary, Genesis denies the allegations in this paragraph.

19. Genesis is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Genesis denies the allegations in paragraph 20.

21. Genesis denies the allegations in paragraph 21.

## FIRST AFFIRMATIVE DEFENSE

Nichols fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Nichols' claim against Genesis is frivolous and without any merit within the meaning of Mass. Gen. Laws ch. 231, § 6F. Accordingly, upon obtaining judgment in its favor, Genesis will seek recovery of its attorney's fees, costs, and expenses incurred in defending itself as provided under Mass. Gen. L. ch. 231, §6F.

## THIRD AFFIRMATIVE DEFENSE

At all material times hereto, Genesis acted reasonably, in good faith, and within the scope of its duties, rights and obligations.

## FOURTH AFFIRMATIVE DEFENSE

Genesis' actions and communications are protected by privilege and immunity and do not provide the basis for any claim. Nichols' employer may disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of any employee to perform her job.

## FIFTH AFFIRMATIVE DEFENSE

Nichols has failed to plead any of the requisite elements of defamation, namely (1) the general tenor of the purported libel or slander, along with the precise wording of at least one sentence of the alleged defamatory statements; (2) the means and approximate dates of unprivileged publication to a person other than the plaintiff; and (3) the falsity of those statements.

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff has not alleged, and cannot truthfully allege, that her employer acted with actual malice.

**SEVENTH AFFIRMATIVE DEFENSE**

The purported actions about which the plaintiff complains were not caused by Genesis or by any person for whom Genesis was legally responsible.

**GENESIS ELDERCARE MANAGEMENT SERVICES, INC.**
By its attorney,

/s/ Scott A. Roberts_____
Scott A. Roberts, BBO #550732
sroberts@swmlawyers.com
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA  02116-3902
617-348-4300

Dated:   October 12, 2004